# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES BELL,<br><br>        Plaintiff,<br><br>    v.<br><br>SCOTT KERNAN, et al.,<br><br>        Defendants. | Case No. 1:18-cv-00582-LJO-EPG (PC)<br><br>ORDER DISMISSING COMPLAINT AND CLOSING CASE<br><br>(ECF No. 1) |

Charles Bell is a state prisoner proceeding *pro se* and *in forma pauperis* in this action filed pursuant to 42 U.S.C. § 1983. This case is under review on Plaintiff's Complaint. ECF No. 1. On September 18, 2018, Magistrate Judge Erica P. Grosjean screened the complaint pursuant to 28 U.S.C. § 1915A and found that Plaintiff had stated cognizable claims of Eighth Amendment deliberate indifference to Plaintiff's health and safety which occurred while he was incarcerated at Kern Valley State Prison ("KVSP"). ECF No. 11. On that same day, Plaintiff's notice declining magistrate judge jurisdiction was docketed. ECF No. 9. This case was then randomly assigned to the undersigned. ECF No. 10.

In accordance with its obligation under 28 U.S.C. § 1915(e)(1) to "dismiss [a case filed *in forma pauperis*] at any time if the court determines that . . . the action or appeal . . . fails to state a claim on which relief may be granted," the Court has reviewed independently the complaint in this matter. Plaintiff's complaint alleges claims against Scott Kernan, the Secretary for the California Department of Corrections and Rehabilitation, and C. Pfeiffer, the warden of KVSP, for injuries related to Plaintiff's exposure to Valley Fever while he was an inmate at KVSP. ECF No. 1 at 3-5. Plaintiff alleges that Defendants housed him at KVSP despite knowing that Valley Fever is endemic to that area and that Plaintiff was at an increased risk of contracting

Valley Fever due to his African-American heritage. *Id*.

This Court has previously found that substantially similar claims against state and prison officials alleging unconstitutional conditions of confinement due to a plaintiff's increased susceptibility to Valley Fever (also called coccidioidomycosis or cocci), are barred by qualified immunity because the applicable law was, and remains, unsettled. *See, e.g.*, *Smith v. Schwarzenegger*, 137 F. Supp. 3d 1233, 1251-52 (E.D. Cal. 2015). "The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Mattos v. Agarano*, 661 F.3d 433, 440 (9th Cir. 2011) (en banc) (quoting *Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Courts use a two-pronged inquiry in determining whether an official is entitled to qualified immunity, and may address either prong first. *Lal v. California*, 746 F.3d 1112, 1116 (9th Cir. 2014). First, the court must determine whether the official violated the plaintiff's constitutional right. *Id*. Second, the court must determine whether the constitutional right identified was "clearly established in light of the specific context of the case" at the time of the events in question. *Scott v. Harris*, 550 U.S. 372, 377 (2007). When "it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity," a district court may screen out a claim seeking monetary relief on qualified immunity grounds. *Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016).

Plaintiff's allegations regarding unconstitutional conditions of confinement and Valley Fever are defective in the same manner as those presented in *Smith*. 137 F. Supp. 3d at 1236-39. Specifically, Plaintiff's Eighth Amendment claims are premised on exposure to Valley Fever, and the law regarding the Eight Amendment and Valley Fever exposure remains unsettled and is not clearly established. Defendants, who are the Secretary for the California Department of Corrections and the warden of KVSP, are state officials protected by qualified immunity. Plaintiff seeks money damages based on allegedly unconstitutional conditions of confinement. ECF No. 1 at 5. Therefore, it is apparent from the complaint that Plaintiff's claims seeking money damages could not overcome a defense of qualified immunity, and dismissing those claims at the screening stage is appropriate under *Chavez*. Leave to amend is not warranted, as amendment could not

possibly cure the deficiencies identified by the Court and would be futile. *See Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

Accordingly, THE COURT HEREBY ORDERS that:

1. All claims and defendants are DISMISSED WITHOUT LEAVE TO AMEND;
2. The United States Marshals Service is directed NOT to serve Defendants with the summonses; and
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated: **September 24, 2018**  /s/ Lawrence J. O'Neill
UNITED STATES CHIEF DISTRICT JUDGE